Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail: attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, Kurt Williams

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kurt Williams,<br><br>          Plaintiff,<br><br>    v.<br><br>United Integrated Services USA Corp.,<br><br>and<br><br>Yao-Tsung Wang,<br><br>    Defendants. | Case #<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Kurt Williams  by and through Elizabeth D. Tate, his  undersigned attorney of record, submit this Complaint for relief and  Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

**<u>1. Plaintiff's Eight Claims</u>**

Count One: 42 U.S.C. 1981 – Hostile Work Environment

1

Count Two: Title VII – Hostile Work Environment

Count Three: 42 U.S.C. 1981 – National Origin Discrimination

Count Four:   Title VII – National Origin Discrimination

Count Five: 42 U.S.C.1981 - Wrongful Termination - Constructive Discharge

Count Six: Title VII- Wrongful Termination - Constructive Discharge

Count Seven: 42 U.S.C. 1981 – Retaliation

Count Eight: Assault

## 2. The Parties, Jurisdiction and Venue

**1.** At all times material to this Complaint, the Plaintiff, Kurt Williams ("Williams") and has been:

(A) an adult resident of Maricopa County, Arizona; and

(B) employed by the Defendant, United Integrated Services USA Corp, "United Integrated Services."

(C) a person whose race is African American and whose national origin is American.

(D) a person who is qualified to perform his job as project manager.

**2 .** Defendant United Integrated Services USA Corp, has been at all times material to this Complaint:

(A) a domestic profit corporation headquartered in Phoenix, Arizona with offices nationwide.

(B) a multidisciplinary engineering and construction company providing fully

integrated design-build services to its clients in high-technology.

(C) the "employer" of Williams.

**3.** Yao-Tsung Wang, "YT", has been at all times relevant to this Complaint

(A) an employee of United Integrated Services since April of 2017.

(B) acting in the scope of his employment.

(C) an employee with a limited ability to speak English.

**4.** All events alleged herein occurred within the State of Arizona.

**5.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**6.** This Court has subject matter jurisdiction for the four claims herein because all arise from federal statutes, 28 U.S.C. 1331, and as provided by 28 U.S.C. 1343(a)(3,4). The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. 1367(a).

**7.** This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

### 3. General Fact Allegations

**8.** On November 15, 2021, United Integrated Services hired Kurt Williams as a project manager. Mike Alianza, head of United Integrated Services' construction division, hired Williams.

**9.** United Integrated Services is a Taiwanese company that performs construction projects in Phoenix. The TSMC semi-conductor building was being constructed in

Phoenix. United Integrated Services bid for the job and became the general contractor for the TSMC building project.

10. Williams served as project manager for the TSMC building's Cleanroom. A Cleanroom is a sterile room for use in the manufacturing process of chips for computers and watches, etc.

11. Williams was to over to oversee United Integrated Services Taiwanese Section team of employees. United Integrated Services employed interpreters to facilitate its Taiwanese employees working with its English speaking employees, such as Williams.

12. Williams possesses OSHA 30 qualifications. Williams was an excellent worker receiving praise from United Integrated Services and its vendors alike. Williams had excellent working relationships with United Integrated Services' subcontractors.

13. Williams worked with Yao-Tsung Wang, "YT", Project Engineer, along with two other engineers, Bo Lin and Tzu Zing. Williams, as project manager, was responsible for the whole Cleanroom project. Williams was higher in rank than YT, Bo Lin and Tzu Zing who were engineers.

14. YT had limited English and relied upon interpreters to perform his job. Mike Alianza supervised Williams and also supervised YT and the other engineers. Because Williams was most qualified and the only person on the Cleanroom project that could speak English, Mike Alianza relied on Williams as go to person instead of YT.

15. YT was jealous of the fact that Williams' first language was English, and that Williams was better prepared than YT in William's job. YT and his team did not want to work and learn from Williams because Williams is African American and did not speak Taiwanese.

16. Over the holiday break in December of 2021, Integrated Services had the task of setting up construction site trailers. The Taiwanese workers did not plan for the construction site and tried to blame the lack of preparation on Williams. Williams' Taiwanese co-workers refused to communicate with Williams and ostracized him.

17. On March 15, 2022, at a kick-off meeting, YT asked Williams to do YT's work of creating a purchase order. Williams was not given an translator for project and YT refused to help Williams. Williams could not create the purchase order without interpreters and YT's assistance. After refusing to assist Williams or providing Williams with interpreters, YT reported Williams claiming that Williams did not want to create the purchase order which in actuality was YT's responsibility.

18. On March 30, 2022, Bob Baim, a temporary procurement worker, approached Williams to discuss job pricing with the subcontractors. Desirous of fulfilling his role as manager and building a team, Williams opened the meeting to Tzu Ting. Ting invited Lead Project Manager, Y. S. Sheng to the meeting.

19. Sheng and Ting spoke Mandarin in a loud voice at the meeting. Sheng and Ting refused for their conversation to be translated. Sheng would gesture at Williams

and laugh. Then Sheng violently gestured "no." The translator then informed Williams that Sheng had just called off the meeting.

20. An electrical worker, Martin, was also present at the meeting and did not like the way Sheng was treating Williams. Martin considered the meeting was a waste of time, so Martin quit.

21. On March 31, 2022, Williams reported Sheng to Alianza for Sheng's hostility towards William at the meeting because of Williams race and national origin. After Williams reported Sheng, Sheng and others began trying to physically intimidate Williams.

22. Sheng, excluded Williams from meetings and glared at Williams and tried to intimidate Williams by invading Williams' personal space. Williams continued to complain about the hostility of United Integrated Services' Taiwanese workers to his supervisor, Alianza, but nothing was done about to stop the hostility. In order to avoid Sheng, Williams moved his office to the subcontractor area, but Sheng kept trying to intimidate Williams anyway.

23. On May 11, 2022, the President of United Integrated Service's personal assistant, Joan, heard that YT and others were trying to get Williams removed from the Cleanroom project. Joan asked Williams if he wanted to be transferred. Williams declined the transfer because Williams wanted United Integrated Services to stop the discrimination and abide by the law, but United Integrated Services took no action and violated the law anyway.

24. On May 17, 2022, Williams reported to work for an office meeting. One Williams' Taiwanese co-workers texted Williams before the meeting to warn Williams that YT, was terribly upset with Williams and that Williams should be careful. Williams knew he had done nothing wrong to YT. YT had no legitimate reason to be upset with Williams, so Williams went to the meeting anyway as he should have.

25. At the office meeting, Williams was seated at a conference table with YT seated across from him. Williams' American manager, Mike Alianza, participated in the office meeting by speaker phone. There were six or seven of Williams' other Taiwanese co-workers that participated in the office meeting.

26. Suddenly and without warning, YT lunged across the table at Williams placing William in immediate apprehension and fear for his own safety. After assaulting Williams, YT angrily stormed out of the room.

27. Alianza launched an investigation into YT assaulting Williams. YT was made to apologize to Williams. YT's assault of Williams was not the first time there had been violence at United Integrated Services. George, the air conditioning lead, was known to be angry and aggressive. George threw notepads at his co-workers. Members of the fire protection team were known for yelling and screaming at co-workers. Sheng had even pointed a laser in his co-worker's, Ting face.

28. Management at United Integrated Services was well aware of the dangerous and angry dispositions of YT, Sheng, and Williams' other Taiwanese co-workers. United Integrated Services did nothing to stop the anger and violence at work created by its

7

1  Taiwanese employees despite it being reported to them. United Integrated Services is therefore liable under the legal theory of respondeat superior because the violent employees were furthering the business of United Integrated Services when they bullied and assaulted their coworkers, including Williams.

29. When YT assaulted Williams, YT was acting in the scope of his employment. YT was furthering United Integrated Services' interests at an office meeting to complete construction projects.

30. After Williams complained to Alianza on March 31, 2022, YT, Sheng, and Integrated United Services began to retaliate against Williams. Williams' Taiwanese co-workers ostracized Williams during work groups. The Taiwanese interpreter became standoffish and hostile to Williams. Williams reported the interpreter to Alianza but nothing was done.

31. Williams was subjected to a verbal and physical conduct because of Williams' race and national origin that Williams did not welcome. This verbal and physical conduct was severe and pervasive and interfered with Williams ability to efficiently do his work.

32. In fact, Williams was made to attend meetings with YT even after YT assaulted him.

33. As a result of Williams complaining to Alianza, United Integrated Services treated Williams unequally because of his race and national origin and subjected Williams to the adverse employment actions of being ostracized and excluded from

8

important meetings and ultimately constructive discharge. Williams' complaints and United Integrated Services adverse employment actions are casually linked.

34. United Integrated Service's Taiwanese workers told United Integrated Service's subcontractors not to communicate with Williams for discriminatory reasons. Without any support from United Integrated Services and it subcontractors, United Integrated Services effectively constructively discharged Williams on June 30, 2022.

35. United Integrated Services subjected Williams to a hostile work environment and discrimination by permitting YT and its other Taiwanese employees to harass Williams and ostracize Williams so that Williams could not concentrate to get his work done.

36. United Integrated Service's discriminatory workplace decisions and overall oppression of Williams and took a toll on his health. As a direct and proximate result of the conduct described above, Williams has suffered damages including loss of self-esteem, having to worry about being treated unfairly, daily oppression and harassment.

37. The conduct of United Integrated Services alleged herein with respect Williams was done with a deliberate and malicious intent to discriminate against him in violation of federal statutes including, inter alia 42 U.S.C. 1981 and Title VII because his race and national origin and wrongfully terminated Williams as alleged herein. Therefore, Williams should be awarded, inter alia, punitive damages.

**38.** Williams filed an charge of discrimination and retaliation against United Integrated Services with the Equal Employment Opportunity Commission and received his Notice of Right to Sue on November 1, 2023.

## 4. Demand for Jury Trial

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

## 5. Requested Relief

<u>Count One:  42 USC 1981- Hostile Work Environment as to United Integrated Services.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

<u>Count Two: Title VII Hostile Work Environment as to United Integrated Services.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d).

<u>Count Three: 42 U.S.C. 1981 – National Origin and Race Discrimination as to United Integrated Services.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d).

<u>Count Four: Title VII- National Origin and Race Discrimination as to United Integrated Services.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Five: Wrongful termination in violation of 42 U.S.C. 1981 as to United Integrated Services.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

<u>Count   Six: Wrongful Termination in violation of Title VII as to United Integrated Services.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.   His   taxable costs incurred herein, pursuant to FRCP Rule 54(d).

<u>Count Seven:   42 U.S.C. 1981   Retaliation as to United Integrated Services.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

<u>Count Eight: Assault as to all Defendants.</u>

1.   Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact.

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d).

Respectfully submitted this January 30, 2024.

/s/ Elizabeth D. Tate
_____
Elizabeth D. Tate