**SCHLEIER LAW OFFICES, P.C.**
428 E. Thunderbird Road, PMB 541
Phoenix, Arizona 85022
Telephone:  (602) 277-0157
Facsimile:  (602) 654-3790
BRADLEY H. SCHLEIER, ESQ.  #011696
brad@schleierlaw.com

**JELLISON & ROBENS, PLLC**
18801 N. Thompson Peak Parkway, Suite D235
Scottsdale, AZ  85255
Telephone: (480) 360-4784
JAMES M. JELLISON, ESQ. #012763
jim@jrlawaz.com
*Attorneys for Defendants United Integrated Services (USA) Corp. and Yao-Tsung Wang*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurt Williams,<br><br>            Plaintiff,<br><br>v.<br><br>United Integrated Services (USA) Corp., an Arizona Corporation; Yao-Tsung Wang, a married man,<br><br>            Defendants. | NO. 24-CV-00205-MTL<br><br>**ANSWER** |

Defendants United Integrated Services (USA) Corp. (hereinafter "UIS") and Yao-Tsung Wang (hereinafter "YT") for their Answer to Plaintiff's Complaint admit, deny, and allege as follow:

**BACKGROUND**

In May 2020, Taiwan Semiconductor Manufacturing Company ("TSMC") shared its plans to invest $12B in Phoenix, Arizona to construct and build an advanced semiconductor manufacturing fabrication facility. In December 2022, the company announced its commitment to build a second fabrication facility in Phoenix, increasing its

total investment to $40B. This represents the largest foreign direct investment in the State of Arizona, and one of the largest ever in the United States. In addition to the over 10,000 construction workers helping with construction of the site, TSMC Arizona's two fabrication plants are expected to create an additional 10,000 high-tech, high-wage jobs, including 4,500 direct TSMC jobs.  The expected expansions by semiconductor industry suppliers will also bring thousands more employment opportunities to the region.

Defendant UIS is one of the major contractors on the project focusing on the design and construction of the "clean rooms" at the facility. At the end of all phases of the construction, the site will have one of the largest clean rooms in the world.  The clean room currently under construction will be approximately 590,000 square feet.  A large portion of UIS leadership and engineering talent comes from Taiwan where such individuals worked on the construction of other TSMC clean rooms. The project itself involves the coordination of numerous contractors and thousands of constructions personnel working on the site every day as the project moves from its infancy to completion under a strict timeline. The project also involves individuals from all over the world. It is under this background that Plaintiff, who voluntarily quit his job with Defendant UIS, is now speciously claiming he was subjected to a hostile work environment based on his race and national origin.

**RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT**

**1.  Plaintiff's Eight Claims**

Plaintiff merely lists eight claims he is alleging in the lawsuit which do not require an admission or denial.  However, Defendants UIS and YT deny that Plaintiff is entitled to any relief under any of his claims.

**2.      The Parties, Jurisdiction and Venue**

1.      With regard to Paragraph 1, Defendants are without sufficient information to admit of deny subparagraphs 1(A), and 1(C).  Defendants admit subparagraph 1(B) but   the

2

correct UIS entity name is "United Integrated Services (USA) Corp." Defendants deny subparagraph 1(D).

2. With regard to Paragraph 2, Defendants admit UIS is a domestic profit corporation located in Phoenix, Arizona, but denies that it has offices nationwide as described in subparagraph 1(A). Defendants admit subparagraphs 1(B) and 1(C) but UIS has only one client (TSMC). Also, Defendants note that Plaintiff has misspelled UIS as the name of the corporation is United Integrated Services (USA) Corp.

3. With regard to Paragraph 3, Defendants deny the allegations as YT started with Defendant UIS after April 2017 as the corporation was not established until 2020.

4. With regard to Paragraph 4, Defendants admit the allegations as alleged.

5. With regard to Paragraph 5, Defendants admit the allegation as alleged.

6. With regard to Paragraph 6, Defendants admit that the Court has federal question jurisdiction under 28 U.S.C. §1331 over seven of the alleged claims made under federal law and the Court can exercise its supplemental jurisdiction under 28 U.S.C. §1367 for Plaintiff's claim alleged under the laws of the State of Arizona.

7. With regard to Paragraph 7, Defendants admit that venue is proper.

### 3. General Fact Allegations

8. With regard to Paragraph 8, Defendants admit that Plaintiff was hired by UIS, however, his position was Cleanroom Section Lead. Defendants also admit that Mike Alianza hired Plaintiff. However, Mike Alianza held the position of Director of Construction and there are no "divisions" of UIS.

9. With regard to Paragraph 9, Defendants deny that UIS is a Taiwanese company as it is incorporated in the State of Arizona. The TSMC project is the only construction project UIS performs. Defendants admit to bidding work on the TSMC project and ultimately being commonly referred to as one of several "general contractors" working on the construction of the TSMC chip manufacturing plant in Phoenix Arizona. Defendants

3

deny that it is "the general contractor for the TSMC building project" or that it had responsibility at the site typically accorded the general contractor.

10. With regard to Paragraph 10, Defendants deny that Plaintiff was the Project Manager for the TSMC cleanroom, but note that he held the position of Cleanroom Section Lead. Defendants admit to Plaintiff's truncated description of a cleanroom, but UIS is also constructing additional auxiliary buildings associated with the cleanroom.

11. With regard to Paragraph 11, Defendants deny the allegation other than to admit that UIS hired interpreters to facilitate communication among employees.

12. With regard to Paragraph 12, Defendants are without sufficient information to either admit or deny Plaintiff's OSHA qualifications. Defendants deny the remainder of the paragraph.

13. With regard to Paragraph 13, Defendants deny the allegations.

14. With regard to Paragraph 14, Defendants admit that YT had limited english language skills and worked with interpreters. Mike Alianza supervised Plaintiff, but deny that he supervised YT. YT and his two other engineers were supervised by a different individual. Defendants deny the remainder of the paragraph.

15. With regard to Paragraph 15, Defendants deny the allegations.
16. With regard to Paragraph 16, Defendants deny the allegations.
17. With regard to Paragraph 17, Defendants deny the allegations.
18. With regard to Paragraph 18, Defendants deny the allegations.
19. With regard to Paragraph 19, Defendants deny the allegations.
20. With regard to Paragraph 20, Defendants deny the allegations.
21. With regard to Paragraph 21, Defendants deny the allegations.
22. With regard to Paragraph 22, Defendants deny the allegations.
23. With regard to Paragraph 23, Defendants deny the allegations.
24. With regard to Paragraph 24, Defendants deny the allegations.
25. With regard to Paragraph 25, Defendants deny the allegations.

26. With regard to Paragraph 26, Defendants deny the allegations.

27. With regard to Paragraph 27, Defendants deny the allegations.

28. With regard to Paragraph 28, Defendants deny the allegations.

29. With regard to Paragraph 29, Defendants deny the allegations.

30. With regard to Paragraph 30, Defendants deny the allegations.

31. With regard to Paragraph 31, Defendants deny the allegations.

32. With regard to Paragraph 32, Defendants deny the allegations.

33. With regard to Paragraph 33, Defendants deny the allegations.

34. With regard to Paragraph 34, Defendants deny the allegations.

35. With regard to Paragraph 35, Defendants deny the allegations.

36. With regard to Paragraph 36, Defendants deny the allegations.

37. With regard to Paragraph 37, Defendants deny the allegations.

38. With regard to Paragraph 38, Defendants deny the allegations.

### 4. Demand for Jury Trial

Defendants admit that Plaintiff has requested a jury trial.

### 5. Requested Relief

Without setting forth the legal basis of each claim, Plaintiff has requested various claims for monetary relief for Counts One through Eight. For any and all requests for relief, Defendants allege that they have not violated any statutory or common law as set forth in the Complaint, that Plaintiff's claims are baseless and Plaintiff is entitled to no relief whatsoever. Therefore, Defendants deny all allegations and claims stated in Counts One through Eight.

### DEFENDANTS' AFFIRMATIVE DEFENSES

a. Defendants deny each and every allegation in Plaintiff's Complaint not expressly admitted to above.

b. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

c. Plaintiff's claims may be barred in whole or in part by the applicable Statute of Limitations.

d. Plaintiff's claims may be barred, in whole or in part, through waiver, estoppel or unclean hands.

e. Plaintiff's damages, if any, may be reduced by reason of a failure to mitigate damages.

f. Plaintiff voluntarily resigned his position with Defendants and was not terminated or constructively terminated.

g. To the extent that the Complaint makes a claim for punitive damages, said claim must fail as Defendants did not act with malice or reckless indifference to Plaintiff's rights.

h. Plaintiff's claims herein may be barred by other affirmative defenses contemplated in Rules 8 and 12 of the Federal Rules of Civil Procedure. To the extent which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be determined until Defendants have had an opportunity to complete discovery. Therefore, Defendants incorporate all such affirmative defenses as though fully set forth herein.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants respectfully prays that Plaintiff's Complaint be dismissed in its entirety with prejudice, that Plaintiff take nothing thereby, that judgement be entered in favor of Defendants, that Defendants be award its/his costs and attorney's fees incurred in the defense of this matter, and for such other relief as this Court deems just and proper.

Dated this 25th day of March 2024.

**SCHLEIER LAW OFFICES, P.C.**

By: s/ Bradley H. Schleier
Bradley H. Schleier, Esq.
*Attorneys for Defendants*

**JELLISON & ROBBENS, PLLC**

By:   s/ James M. Jellison
      James M. Jellison, Esq.
      *Attorneys for Defendants*